This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38733**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JUSTIN WILSON BREWER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Victor E. Sanchez, Assistant Appellate Defender
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his convictions, following a jury trial, for armed robbery and aggravated assault. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a combined memorandum in opposition and motion to amend the docketing statement, and also filed a renewed memorandum in opposition after having the opportunity to review the transcript. Having duly considered Defendant's arguments, we affirm Defendant's convictions.

**{2}** In his renewed memorandum in opposition, Defendant seeks to assert the new issue of whether the district court committed fundamental error by failing to sua sponte declare a mistrial based on the jury not following instructions. [MIO 2] Because this issue was not previously raised, we treat it as a motion to amend the docketing statement. *See* Rule 12-210(D)(2) NMRA (stating that "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues[,]" but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition). In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}** The new issue Defendant seeks to raise centers on his claim that upon being notified by a juror that some jurors were engaged in premature deliberations, the district court should have declared a mistrial. [MIO 2-3] Defendant has not demonstrated that the district court committed fundamental error by failing to declare a mistrial. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred). Rather, the district court's act of providing a curative instruction was appropriate under the circumstances of this case. *See Goodloe v. Bookout*, 1999-NMCA-061, ¶ 23, 127 N.M. 327, 980 P.2d 652 ("[I]f the court learns during trial that such premature discussions have taken place, it should conduct an inquiry to determine whether the fairness of the trial has been threatened and then take appropriate measures."), *superseded by rule on other grounds as stated in Acosta v. Shell W. Expl. & Prod., Inc.*, 2013-NMCA-009, ¶¶ 40-45, 293 P.3d 917; *cf. State v. Gallegos*, 2009-NMSC-017, ¶ 29, 146 N.M. 88, 206 P.3d 993 (recognizing that district "courts have considerable discretion and a variety of remedies to address allegations of juror bias" and finding no fundamental error where "the trial judge reasonably declined to take the additional step of dismissing individual jurors or declaring a mistrial").

**{4}** In addition, to the extent Defendant continues to pursue the unpreserved evidentiary-based claims asserted in his initial combined memorandum in opposition and motion to amend the docketing statement, he has not convinced this Court that the district court's admission of the evidence constituted plain error. *See State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056 ("To find plain error, the Court must be convinced that admission of the [evidence] constituted an injustice that created grave doubts concerning the validity of the verdict." (internal quotation marks and citation

omitted)). We therefore deny Defendant's motions to amend the docketing statement on the basis that Defendant has not shown that the issues are viable.

**{5}** Turning to Defendant's assertion that the evidence was insufficient to support his convictions, Defendant claims the evidence was circumstantial. [MIO 4] However, "[c]ircumstantial evidence, alone, may be sufficient to support [a] jury's verdict." *See State v. Pamphille*, 2021-NMCA-002, ¶ 28, 482 P.3d 1241, *cert. denied*, 2020-NMCERT-___ (No. S-1-SC-38498, Oct. 9, 2020). Defendant has not otherwise asserted any facts, law, or argument concerning this issue that persuades this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{7}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**SHAMMARA H. HENDERSON, Judge**